ERASMO RODRÍGUEZ QUEVEDO, Petitioner, *v.* DISTRICT COURT OF PONCE, ÁNGEL FIOL NEGRÓN, JUDGE, Respondent; BELÉN MARÍA TOUS GONZÁLEZ, Intervener.

No. 1755.   Argued June 2, 1948.—Decided June 22, 1948

*Rafael Hernández Matos* for petitioner.   *Carlos E. Colón* for intervener, respondent in the main action.

MR. JUSTICE MARRERO, delivered the opinion of the Court.

We issued the writ in this case to review an order entered by the District Court of Ponce on February 16 of the current year, denying a motion for intervention filed by the petitioner.

The record sent up shows that Belén María Tous González, assisted by her husband Antonio Llorente, brought, in said court, an action to recover rent and damages, and to enforce the right of accession; that in said case judgment was rendered sustaining the complaint in so far as it claimed

damages and the right of accession over a house built in good faith by the defendant Manuel Rodríguez, pursuant to an authorization granted to him by Joaquín Ferrán Lluis, on a lot subsequently purchased from the latter by the plaintiff; that several years prior to the filing of said complaint and the rendition of the judgment mentioned above, the defendant therein Manuel Rodríguez leased to the petitioner Erasmo Rodríguez Quevedo the house involved in the claim for accession, pursuant to the payment of the corresponding rent; that the defendant Manuel Rodríguez failed to appeal from the judgment rendered, and on the contrary withdrew from the office of the clerk of the lower court the difference between the amount which the plaintiff should pay by reason of the accession and that which he was bound to pay to the latter as damages for the use of the lot on which the house stood; that the judgment rendered by the District Court of Ponce besides adjudging the defendant to pay damages and granting the right of accession over the house to the plaintiff, ordered and decreed that, within a period of 40 days, counted from the date on which the plaintiff made the deposit in connection with the accession, the defendant Manuel Rodríguez, together with his dependents, relatives, and persons placed by him therein, should surrender said house, leaving it vacant, ready, and at the disposal of the plaintiff, and that if he failed to do so, the clerk would issue a writ directed to the marshal for the eviction of said defendant; and that upon the judgment becoming definitive (*firme*) and the house involved in the suit not having been vacated, there was issued, on December 2, 1947 a writ which was notified three days afterward by the marshal to the petitioner herein Erasmo Rodríguez Quevedo, since the latter, as stated in the notice served by the marshal, was occupying the premises described in the writ.

It also appears from the record that four days after the petitioner Erasmo Rodríguez Quevedo was required to vacate the premises, which he had held for several years under a

lease, he filed in the district court a motion for intervention, accompanied by the corresponding complaint; that in both documents there is set forth a statement of facts similar to that which appears in the foregoing paragraph of this opinion, and it is alleged that since the petitioner had not been a party to the action involving the claim of accession, he should be allowed to intervene, so that he should not be evicted without being heard and without compliance being had with the provisions of Act No. 464 of April 25, 1946 (Laws of 1946, p. 1326).

■ It is unquestionable that the petitioner Erasmo Rodríguez Quevedo was not a party to the action claiming accession, brought against his lessor Manuel Rodríguez. It is likewise indisputable that the plaintiff therein had full knowledge of the fact that said petitioner occupied for many years, as lessee, the house involved in the action. It was so stated by the lower court in its decision denying the intervention, and it is so admitted by the parties. However, the fact that he was a witness in said action and that he had knowledge thereof did not vest the court with jurisdiction to evict him within the action, especially without giving him an opportunity to be heard or to defend himself. Cf. *Water Resources Authority* v. *District Court,* 65 P.R.R. 451.

■ In *Figueroa* v. *Rodríguez, ante,* p. 248, we stated that the complaint in an action to enforce the right of accession seeks two purposes: (1) that the defendant be adjudged to convey to the plaintiff the ownership title to the house built by the former in good faith on land belonging to the latter; and (2), as a consequence thereof, that the defendant be ordered to vacate the property built by him on plaintiff's lot. Nevertheless, in such cases, in view of the provisions of the Rent Act in force—No. 464, *supra*—the mere fact that the complaint is sustained as to the first particular does not necessarily mean that the immediate eviction of the person who holds possession of the property involved in the action lies. See *Branizar* v. *Méndez, ante,* p. 748.

■ As we have already stated, the defendant Manuel Rodríguez acquiesced in the judgment, and the latter became definitive and executory as to him. This, however, does not mean that the judgment thus rendered could, without more, be executed against the lessee Erasmo Rodríguez Quevedo. The latter was entitled to be heard before he could be evicted from the house in which he had his establishment. In filing in the lower court his petition for leave to intervene four days after he had been served with notice of the writ issued in the case, he acted promptly and the lower court should have allowed the intervention sought. The fact that he filed his petition after the rendition of the judgment and when said judgment had already become definitive does not alter the situation. *Benítez* v. *Tabacaleros of Aibonito,* 50 P.R.R. 754. He acted with due diligence upon being requested to vacate the property of which he held possession. Cf. *Torres* v. *District Court,* 67 P.R.R. 270.

Subdivision (*a*) of Rule 24 of the Rules of Civil Procedure for the courts of Puerto Rico provides as follows:

"(*a*) *Intervention of Right.*—Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) *when* the representation of the applicant's interest by existing parties is or may be inadequate and *the applicant is or may be bound by a judgment in the action;* or (3) *when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."* (Italics ours.)

There is no doubt that in the instant case the rights of the petitioner could be affected by the judgment rendered, or that his rights could be impaired by the disposal of the property involved in the suit in which he sought to intervene. He had not been a party to the action to enforce the right of accession, yet he was to be evicted from the property which he occupied without being given an opportunity to be heard, without compliance being had with the provisions of Act No. 464 of 1946, and without having had his day in court. Under those

conditions, the motion for intervention should have been granted, and it should have been decided whether or not the eviction of the petitioner was proper under the attendant circumstances, or whether on the contrary it was necessary to bring a separate action of unlawful detainer against him.

The order under review should be set aside.

Mr. Justice De Jesús did not participate herein.